UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYNEARIA A. VARLACK,

                              Plaintiff,

            -against-

TRANSUNION; EXPERIAN; EQUIFAX;
DISCOVER BANK,

                              Defendants.

---

23-CV-6760 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act
(FCRA), 15 U.S.C. §1681. By order dated August 3, 2023, the Court granted Plaintiff's request
to proceed *in forma pauperis*, that is, without prepayment of fees.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended
complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,
that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);
*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must
also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.
*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to
construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret
them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470
F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Tynearia Varlack alleges that, on October 20, 2021, she found information on her
credit reports that resulted from a "billing error." (ECF 1 at 5.)  "[A]fter sending in several
disputes," the consumer reporting agency determined that the information allegedly resulting
from an error had been "verified" as correct. (*Id.*) Plaintiff states that she "did not consent to
share [her] personal information with third part[ies]" and that doing so "would be identity theft
pursuant to 1681b." (*Id.*) Plaintiff seeks a "forward flow agreement."

Plaintiff sues Discover Bank and three consumer reporting agencies (Transunion LLC;
Equifax; and Experian). She invokes the FCRA, as well as various provisions of the Uniform
Commercial Code.

**DISCUSSION**

A.    **FCRA Claims**

1.    Consumer Reporting Agencies

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citing 15 U.S.C. §§ 1681o, 1681n). Plaintiff's allegations might be construed as implicating two of the FCRA provisions imposing duties on consumer reporting agencies (CRAs): the duty to follow "reasonable procedures to assure maximum possible accuracy" of information in a consumer's credit report, 15 U.S.C.§ 1681e(b); and the duty to conduct a "reasonable reinvestigation" if a consumer disputes information on the credit report, *id.* § 1681i(a)(1)(A).

The FCRA requires a CRA to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b). A consumer harmed by a CRA's failure to follow such reasonable procedures may bring a civil action against the CRA. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). To prevail in such an action, the consumer must establish, among other things, that the challenged report is inaccurate. *See Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 92 (2d Cir. 2021). "[A] credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* at 91 (citation omitted); *see also Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (holding that "accuracy" under the FCRA "requires a focus on objectively and readily verifiable information"). A plaintiff asserting a claim, under Section 1681e(b), for a CRA's failure to follow reasonable procedures must allege facts indicating that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury.

*Gestetner v. Equifax Info. Servs.*, *LLC*, ECF 1:18-CV-5665, 13, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (citation and internal quotation marks omitted).

Here, Plaintiff does not plead facts about what inaccurate information appeared on her consumer reports from any of the three CRAs other than stating that there was a "billing error." Plaintiff does not explain how the information was inaccurate, or in what way the agency failed to follow reasonable procedures. Plaintiff's allegation that she disputed unspecified information on her consumer report, and that the furnisher of the information allegedly verified that it was accurate, is insufficient to allege that the CRA failed to follow reasonable procedures. Plaintiff thus does not state a claim for a violation of Section 1681e(b).

Plaintiff's allegations are also insufficient to allege a violation on the part of any of the three CRAs of the duty in Section 1681i(a)(1)(A) to conduct a "reasonable reinvestigation" of disputed information. If a consumer notifies a consumer reporting agency of an inaccuracy in the information that agency reports, the agency must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). If, after reinvestigating disputed information, a consumer reporting agency determines that it is inaccurate, incomplete, or cannot be verified, the agency must delete or modify the disputed information. 15 U.S.C. § 1681i(a)(5)(A)(i). Thus, the FCRA "simply requires the furnisher of information to investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992, 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016).

Here, Plaintiff alleges that she disputed information on her credit report, that the CRAs investigated, and that the CRAs informed her that the alleged error was verified by the furnisher of information as accurate. These allegations are insufficient to state a claim that any one of the three CRAs violated its duty to reinvestigate. Plaintiff thus fails to state a claim under the FCRA against Defendants Experian, Transunion, and Equifax.

2.      Claims against Furnishers of Information to CRAs

Plaintiff also sues Discover Bank under the FCRA. Discover Bank is not a CRA, but may be a furnisher of information to CRAs. The FCRA imposes two duties on furnishers of information, which are codified at 15 U.S.C. §§ 1681s–2(a) and (b): Subsection (a) relates to the furnishers' duty to report accurate information to a CRA and their ongoing duty to correct inaccurate information; subsection (b) governs the furnishers' duty once notice is received from a CRA that there is a dispute as to the completeness or accuracy of the information provided to that CRA.

District courts in this Circuit have held that an individual consumer can bring suit only for violations of Section 1681s–2(b). *See Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 80 (W.D.N.Y. Sept. 10, 2018) (holding that the FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)"). "No private right of action exists for violations of § 1681s–2(a) because this provision 'shall be enforced exclusively' by government officials" *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010); *see also Moore v. U.S. Dep't of Educ.*, 457 F. App'x 10, 12 (2d Cir. 2011) ("While this court has not addressed the issue, a number of our sister circuits as well as district courts in this circuit have similarly concluded that 15 U.S.C. § 1681s–2(a) affords no private right of action.").

Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the

information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78. A furnisher has a duty under § 1681s–2(b) to, among other things, "conduct an investigation with respect to the disputed information," after receiving notice from a CRA. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [CRA] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under § 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Georgia*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Here, Plaintiff alleges that, upon reinvestigation, the disputed information was verified as accurate. Plaintiff does not allege any facts that could give rise to an inference that Discover Bank, as a furnisher of information, negligently or willfully failed to conduct a reasonable investigation. Plaintiff's allegations are thus insufficient to state a claim under the FCRA against Discover Bank.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FCRA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6760 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 10, 2023
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial     Last Name

_____

Street Address

_____

County, City               State          Zip Code

_____

Telephone Number         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                    Zip Code

Defendant 4: _____

    First Name                  Last Name

    _____

    Current Job Title (or other identifying information)

    _____

    Current Work Address (or other address where defendant may be served)

    _____

    County, City             State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.